## A. J. JEREMY v. WILLIAM MATSCH.[1]

### December 31, 1908.

### Nos. 15,846—(174).

Action in the district court for Dakota county to recover $5,050 for assault. The answer set up that defendant ejected plaintiff from his hotel because of the latter's disorderly conduct, but with no more force than necessary. The case was tried before Crosby, J., and a jury which rendered a verdict in favor of defendant. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

The first assignment of error was that plaintiff was deprived of a fair trial by the irregularities in the proceeding of the court "(a) in issuing a special venire facias in which the sheriff was commanded to summon from the county at large eight competent persons to serve as jurors during the term; (b) that the sheriff abused his discretion as an officer of the court in summoning upon said special venire four persons engaged in the retail liquor business, or closely connected with such business."

The sixth assignment of error mentioned in the opinion was as follows: The court erred in permitting William Matsch to answer the following question over plaintiff's objection: "Q. When was Mr. Jeremy first in your saloon after you took possession of the building? A. As near as I can recollect it must have been the first days of September. I opened up the 27th of August. Q. What occurred there at that time when he came in? Objected to as immaterial and inadmissible under the pleadings and the issues raised. The court: He may answer the question. Exception. A. He was in there the first days of September, and he was getting kind of noisy; I told him if he could not behave like a gentleman he would have to stay out, and that was the last time he was in, until November the 11th."

[1] Reported in 118 N. W. 1008.

*Mead & Robertson*, for appellant.

*W. H. Gillitt* and *Wm. Hodgson*, for respondent.

PER CURIAM.

Appeal by plaintiff from an order denying a new trial after a verdict for defendant.

A careful examination of the record presents no serious question for consideration. The special venire for extra jurors was properly issued, there being a deficiency on the regular panel; and the record presents no ground for concluding that the sheriff was guilty of fraud and collusion in summoning certain persons who were engaged in the same line of business in which defendant was engaged. The record does not show the examination of the jurors, nor that plaintiff had exhausted his peremptory challenges. This fact cannot be shown by affidavits, but only by a settled case. Elliott, App. Pr. 140. No prejudice to plaintiff, therefore, appears. State v. Quirk, 101 Minn. 334, 112 N. W. 409; Steele v. Malony, 1 Minn. 257 (347).

The charge of the court was full and complete, and in harmony with the rules of law applicable to the issues presented, and covered in a substantial way all of plaintiff's requests which were proper to be given. The evidence complained of by the sixth assignment of error was tendered in answer to testimony previously introduced by plaintiff to the effect that he had been in defendant's place on other occasions and had never had any trouble therein. It was proper that defendant rebut this.

Order affirmed.